UNITED STATES DISTTICT COURT
WESTERN DISTTICT OF NEW YORK

───────────────────────────────

MICHAEL KRAATZ,

                Plaintiff,

             -v-                                    17-CV-1133(LJV)(HBS)

LYNN LILLEY, Superintendent of
Woodbourne Correctional Facility,

                Defendant.

───────────────────────────────

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b)(1)(C) (Docket No. 10). The self-represented petitioner has filed an application

to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state

court conviction of Robbery in the Second Degree (Docket No. 1, Pet.). Petitioner

asserts the following grounds in support of his Petition: the trial evidence was legally

insufficient, and trial counsel provided ineffective assistance  (Pet. ¶ 22(A)). Respondent

filed the State Court Record ("SCR"), the Trial Transcripts ("TT") and Memorandum of

Law (Docket Nos. 5-6). Petitioner replied (Docket No. 8).

## BACKGROUND

Petitioner's conviction by jury trial stems from the October 6, 2013 robbery of a 7-

Eleven store located in Batavia, New York, during which a store clerk was injured. He

was sentenced by the Genesee County Court as a second felony offender to eight

years' imprisonment and five years' post-release supervision. The Appellate Division of

the Supreme Court of the State of New York affirmed the judgment of conviction, see

People v. Kraatz, 147 A.D.3d 1556 (4th Dep't 2017), and leave to appeal to the New

York State Court of Appeals was denied (SCR 188).


## DISCUSSION

### *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(d) provides that a

habeas corpus petition may not be granted with respect to any claim that was

adjudicated on the merits in state court unless the state court's adjudication of that

claim: 1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of

the United States; or 2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding.

State court findings of "historical" facts, and inferences drawn from those facts,

are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d

Cir.), cert. denied, 479 U.S. 805 (1986); see also 28 U.S.C. § 2254(e)(1), which states

that "a determination of a factual issue made by a State court shall be presumed to be

correct."

The habeas corpus petitioner shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence. The presumption of correctness

attaches to findings both by state trial courts and by state appellate courts. Smith v.

Sullivan, 1 F. Supp.2d 206, 210-11 (W.D.N.Y. 1998); Nevius v. Sumner, 852 F.2d 463,

469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).

***Petitioner's Challenges***

       I.       Sufficiency of the Evidence

Petitioner's first ground for relief alleges that the trial evidence was legally

insufficient to establish physical injury, an element of second-degree robbery (Pet. ¶

22(A)).[1] He raised this claim on direct appeal to the Appellate Division, Fourth

Department, which held:

> The victim testified that defendant grabbed her arm during the robbery and
> kept "squeezing and squeezing" while threatening to kill her. She further
> testified that she felt like the bones in her arm were going to break, that
> the resulting pain was "excruciating" and "like 9 to 10 to 11" on a scale of
> one to ten, and that her arm was bruised afterward. We conclude that her
> testimony is legally sufficient to establish that her pain was substantial,
> i.e., "more than slight or trivial," and thus that she sustained a physical
> injury.

Kraatz, 147 A.D.3d at 1557 (citing People v Chiddick, 8 N.Y.3d 445, 447 (2007); other

citations omitted).

"'A habeas petitioner challenging the sufficiency of the evidence supporting his

conviction bears a heavy burden.'" Pace v. Herbert, No. 04CV843, 2009 WL 3046714,

at *4 (W.D.N.Y. Sept. 17, 2009) (quoting Knapp v. Leonardo, 46 F.3d 170, 1789 (2d

Cir.), cert. denied, 515 U.S. 1136 (1995)). The standard challenging the sufficiency of

evidence on habeas review is "whether, after viewing the evidence in the light most

---

[1] See N.Y. Penal Law § 160.10(2)(a) ("A person is guilty of robbery in the second degree when he forcibly steals property and when . . . [i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . causes physical injury to any person who is not a participant in the crime.").

favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307,

391 (1979) (emphasis in original).

To determine the essential elements of the crime, this Court must "look to state

law . . . and the evidence must be reviewed as a whole." <u>Pace</u>, 2009 WL 3046714, at *4

(citations omitted).  A reviewing court is "not required to decide whether it believes that

the evidence at trial established guilt beyond a reasonable doubt, but whether any

rational trier of fact could have found guilt beyond a reasonable doubt based on the

evidence presented." <u>Id.</u> On habeas review, this Court must "'credit every inference that

could have been drawn in the state's favor. . . whether the evidence being reviewed is

direct or circumstantial.'" <u>Pace</u>, 2009 WL 3046714, at *4 (quoting <u>Reddy v. Coombe</u>,

846 F.2d 866, 869 (2d Cir.), <u>cert. denied</u>, 488 U.S. 929 (1988)).  Additionally,

"[a]ssessments of the weight of the evidence or the credibility of witnesses are for the

jury and not grounds for reversal on appeal; we defer to the jury's assessments on both

of these issues." <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996). The evidence

presented at trial is summarized as follows.

In the early morning hours of October 6, 2013, Sherena Majors ("Majors"), a 19-

year-old woman, was working the night shift alone at a 7-Eleven convenience store in

the City of Batavia in Genesee County, New York (TT 239-40, 245, 271, 274). Around

2:00 AM, Petitioner entered the store and asked to buy a lighter. When Petitioner said

that he did not have enough money to complete the purchase, Majors gave him the

difference (TT 240-41).

Petitioner returned to the store two hours later, this time buying a piece of candy (TT 241-42; Trial Ex. 13).[2]  After giving Petitioner his change, Majors began closing the cash register drawer. Petitioner asked her to wait because he needed change for a dollar (TT 243, 263). He then reached over the counter toward the cash drawer (TT 243, 252). As Majors tried to shut the drawer, petitioner grabbed her by the arm and yelled, "I'm taking the fucking money, I will do whatever the fuck I need to do, I will kill you if I have to." (TT 243-45, 252, 261, 265).

Majors tried to pull away, asking him to let go of her and take the money (TT 243-44, 252, 254, 261, 273-74). She testified that Petitioner kept "squeezing and squeezing," and it was "like a tug-of-war with [her] body." (TT 243-45, 273-74).  At the same time, Petitioner continued to threaten her (TT 244).  Majors used her free hand to press a silent alarm beneath the cash register (TT 244, 252, 261). Petitioner then released Majors' arm, grabbed money from the cash drawer, and fled (TT 244, 246, 252; Trial Ex. 13).

In her trial testimony, Majors described the "excruciating" pain she felt when petitioner grabbed and squeezed her arm. Petitioner was pressing together the bones of her wrist with such force that Majors feared the bones would break (TT 245). On a scale of 1 to 10, the pain was "a 9, 10, 11" while Petitioner was squeezing her arm (TT 246). Over the next two hours, while police investigated with the help of the store's Assistant Manager, Majors was in "steady pain." Painful raised bumps or welts, along with bruising, appeared on her arm (TT 247-48, 268). The Assistant Manager, along with a co-worker who arrived to take over for Majors, observed the redness and swelling

---

[2] Trial Exhibit 13 consists of the video recordings from 7-Eleven's surveillance cameras (Docket No. 6).

above Majors' wrist (TT 300, 304). Majors applied ice repeatedly to her arm but did not

seek professional medical treatment (TT 271-72, 275). Majors testified that she felt

throbbing pain throughout her body, that her arm remained swollen and painful to the

touch throughout the rest of the day, and that she was still in pain the following day (TT

274).  The bruising on her arm remained visible for at least five days after the date of

the robbery (TT 269, 301, 304).

   Police later located Petitioner's car in front of the home of a known acquaintance

near the 7-Eleven store and he was arrested on October 7, after a brief attempt to flee

(TT 288, 294-96). At trial, Majors identified Petitioner as the individual who committed

the robbery (TT 240-43).

   As stated earlier, the Appellate Division held that Majors' testimony was legally

sufficient to establish "substantial pain" and thus to establish the element of "physical

injury" as required for conviction of Robbery in the Second Degree under Penal Law

§ 160.10(2)(a). Under Penal Law § 10.00(9), "physical injury" means impairment of

physical condition or "substantial pain." "Substantial pain" is not necessarily "severe or

intense" pain, but it is more than "slight or trivial" pain. People v. Chiddick, 8 N.Y.3d 445,

447 (2007). This inquiry is not a wholly subjective one. Matter of Philip A., 49 N.Y.2d

198, 200 (1980). "Perhaps most important is the injury defendant inflicted, viewed

objectively . . . . Also important is the victim's subjective description of what he felt;

sometimes an objective account of the injury, unaccompanied by testimony about the

degree of pain the victim experienced, will be enough." Chiddick, 8 N.Y.3d at 447-48.

Whether the victim sought medical treatment is also relevant, but medical treatment is

not essential to establish substantial pain, because "pain is subjective and different

persons tolerate it differently." People v. Guidice, 83 N.Y.2d 630, 636 (1994). Similarly, the motive of the offender may also be relevant; "petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" do not cause substantial pain. Chiddick, 8 N.Y.3d at 447-48.

Here, a reasonable trier of fact could have found the element of physical injury (substantial pain) proven beyond a reasonable doubt. Objective evidence of injury included the appearance of swollen, red bumps or welts on Majors' arm immediately after the attack. Bruises on her arm remained visible for at least five days after the robbery. The pain that Majors subjectively experienced was severe and intense. The initial pain, while petitioner grabbed and "squeeze[ed] and squeeze[ed]" her arm, was "excruciating," and "a 9, 10, 11" on a scale of 1 to 10. Majors feared that her bones would break. In the hours after the robbery, she was in steady pain, which started to go away a few days after the incident. While Majors did not seek professional medical treatment, she treated her injury by repeatedly applying ice. Petitioner's motive in grabbing and violently squeezing Majors' arm was to compel her to immediately deliver money from the cash register — a motive served by inflicting as much pain as possible. Indeed, Petitioner shouted that he would kill her if she did not give him the money. Reviewing the evidence in the light most favorable to the prosecution, the Court finds that the Appellate Division did not unreasonably apply Jackson v. Virginia. See Peterson v. Superintendent, No. 10-CV-821, 2011 WL 4343206, at *7 (N.D.N.Y. Mar. 28, 2011), report and recommendation adopted, No. 10-CV-0821, 2011 WL 4343204 (N.D.N.Y. Sept. 14, 2011) (evidence sufficient to show physical injury where the petitioner struck the victim in the right eye, causing a black eye and pain for several

days); Coke v. Superintendent, Green Haven Correctional Facility, No. 06–CV–811,

2010 WL 475274, at *3 (W.D.N.Y. Feb. 5, 2010) (evidence sufficient to show physical

injury where the petitioner hit the victim with a belt on her right calf, causing a cut, some

bruising and pain, lasting for over a week).

      Insofar as Petitioner seeks to challenge Majors' credibility, see Pet. ¶ 22(A); SCR

11-15, the Supreme Court has made clear that Section 2254(e)(1) "gives federal

habeas courts no license to redetermine credibility of witnesses whose demeanor has

been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S.

422, 434 (1983); see also Bester v. Conway, 778 F. Supp. 2d 339, 346 (W.D.N.Y. 2011)

("A habeas petitioner's contention that a witness' testimony was unworthy of belief is not

reviewable in habeas proceedings since credibility determinations are the province of

the jury.") (citing Maldonado, 86 F.3d at 35; Jackson v. Heath, No. 10-CV-3449, 2010

WL 3075557, at *14 (S.D.N.Y. Aug. 6, 2010) ("The assessment of witness credibility lies

solely within the province of the jury, and the jury is free to believe part and disbelieve

part of any witness's testimony.")). He therefore fails to state a claim for relief on this

basis.

      For all of these reasons the Appellate Division reasonably rejected Petitioner's

claim that no reasonable trier of fact could have found the element of physical injury

(substantial pain) proven beyond a reasonable doubt. Accordingly, the Court

recommends dismissal of this claim.

II.      Ineffective Assistance of Trial Counsel

Petitioner's second ground for relief alleges that his attorney was constitutionally ineffective for: 1) failing to object to evidence of "uncharged crimes"; and 2) failing to object to Majors' in-court identification of Petitioner at trial (Pet. ¶22(A); SCR 24-27).

The Appellate Division rejected this claim on the merits. See Kraatz, 147 A.D.3d at 1557 ("We reject defendant's contention that he was denied effective assistance of counsel by his attorney's failure to make certain objections at trial . . . .").

Strickland v. Washington, 466 U.S. 668 (1984), provides that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must satisfy a two-part test that: 1) counsel's representation fell below an objective standard of reasonableness; and 2) a showing of prejudice by the reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 687–88, 694.

First, Petitioner's assertion that defense counsel failed to object to evidence of "uncharged crimes" is without merit. This claim appears to stem from the testimony of Correction Officer Kevin Wolff, who had viewed the 7-Eleven surveillance video after the incident and testified that he recognized Petitioner and notified police (TT 291).[3] There is nothing in his testimony about any uncharged crime or bad act attributable to petitioner, and Wolff did not reveal how he knew Petitioner (id.). While counsel might have requested a limiting instruction, he had a valid strategic reason not to do so, as such an instruction would have drawn the jury's attention to the possibility that Petitioner

---

[3] Police responding to the incident shared the store's surveillance video recording with the Genesee County Jail, where Wolff was employed, in case any of the corrections officers could identify the robbery suspect (TT 238-39, 284-85, 290, 379).

had committed other crimes. See United States v. Grunberger, 431 F.2d 1062, 1069 (2d

Cir.1970) ("[I]t is understandable that a defense counsel may wish to avoid underscoring

a prejudicial remark in the minds of the jury by drawing attention to it."); Gilmore v.

Lewin, No. 05-CV-1378, 2007 WL 3274863 at *3 (N.D.N.Y. Nov. 5, 2007) ("The decision

whether to object, to avoid calling any additional attention to potentially damaging

statements, is encompassed within the category of strategic legal decision-making.").

Likewise, counsel's decision not to object to Majors' testimony identifying him as

the perpetrator of the crime cannot be said to constitute ineffective assistance of

counsel. As the record clearly indicates, his defense was not based upon the element of

identity, but rather the lack of physical injury suffered by the victim (TT 236-37). Any

objection would therefore have been meritless. See Holguin v. Lee, No. 13-CV-1492,

2014 WL 5508331, at *14 (S.D.N.Y. Oct. 31, 2014), report and recommendation

adopted, No. 13 CIV. 1492, 2016 WL 1030129 (S.D.N.Y. Mar. 10, 2016) ("trial counsel

is not expected to raise meritless objections to avoid later allegations of ineffective

assistance nor would counsel's failure to do so result in any prejudice to the

defendant."). Additionally, the record establishes that the prosecution overall presented

a strong case, anchored by the video surveillance footage. Any error by counsel would

therefore not have been prejudicial such to run afoul of Strickland. See Hamilton v. Lee,

707 Fed. Appx. 12, 16 (2d Cir. 2017) ("Given the strength of the evidence against [the

petitioner], any potential ineffectiveness did not rise to prejudicial error under the

deferential standard of review under AEDPA and Strickland.")

Because the Appellate Division did not unreasonably apply clearly established Federal law in rejecting his ineffective assistance of counsel claim on the merits, the Court recommends that this claim also be dismissed and the petition be denied.

## CONCLUSION

For the reasons stated above, the Petition for Habeas Corpus (Docket No. 1) should be DENIED.

Pursuant to 28 USC § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 USC § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Rule 72(a)(3).

FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTTICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to

the Magistrate Judge in the first instance. <u>See</u> <u>Patterson-Leitch Co. Inc. v.</u>

<u>Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72(a)(3),

"written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall

be supported by legal authority." Failure to comply with the provisions of Rule 72(a)(3)

may result in the District Court's refusal to consider the objection.

So Ordered.

___/s Hugh B. Scott_____
United States Magistrate Judge
Western District of New York

Dated:          June 17, 2020
                Buffalo, New York